The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE MICROSOFT BROWSER EXTENSION LITIGATION | No. 2:25-cv-00088-RSM<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Federal Rules of Civil Procedure ("FRCP") 16 and 26(f), Local Civil Rules 16 and 26(f), this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 15), and the Order Granting the Stipulated Motion for Extension of Time for Joint Status Report (Dkt. 55), Plaintiffs Aaron Ramirez, Colbow Design LLC, Daniel Perez, David Hiser, Justin Tech Tips LLC, and Storm Productions LLC (collectively, "Plaintiffs") and Defendant Microsoft Corporation ("Defendant") (collectively, with Plaintiffs, the "Parties") have met and conferred and hereby submit this Combined Joint Status Report and Discovery Plan in the above-captioned putative class action (the "Action"). This Joint Case Management Statement follows the Parties' Rule 26(f) conference held on May 16, 2025, with additional conferences held on June 6, 2025, June 13, 2025, and June 20, 2025.

**1) STATEMENT OF THE CASE**

**<u>Plaintiffs' Position</u>**

Plaintiffs are online content creators who earn money by directing their viewers, followers, and website visitors to purchase specific products and services from online retailers by posting

"affiliate links" that include an identifying code that is unique to that particular creator. When a member of the creator's audience clicks the creator's affiliate link and purchases a recommended product, the creator receives a portion of the sale as compensation, also known as a commission or referral fee. Through the Microsoft Shopping extension, Microsoft misappropriates commissions and referral fees that content creators have rightfully earned and diverts the money to itself.

The Microsoft Shopping browser extension is a tool that advertises itself as a way for consumers to get online discounts. The Microsoft Shopping extension comes pre-loaded on Microsoft's Edge browser. Microsoft designed the extension to take commissions from content creators by making a shopper's interaction with the extension the "last click" for attribution purposes, even though Microsoft had no role in marketing the product bought by the consumer using the affiliate link. If a consumer is directed to an online retailer's website using a creator's affiliate link and the Microsoft Shopping extension is activated, Microsoft modifies the affiliate code created by the creator's affiliate link and replaces it with Microsoft's own affiliate code. Through these practices, Microsoft deprives the content creators of the revenue they have earned and on which many content creators depend to sustain their businesses.

Plaintiffs, individually and on behalf of a class of all others similarly situated, bring this action against Microsoft to recover monetary damages, along with declaratory and injunctive relief and other remedies. Plaintiffs allege counts of intentional interference with prospective economic advantage or business expectancy, intentional interference with contractual relations, unjust enrichment, and violations of Washington's Consumer Protection Act, California's Unfair Competition Law, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

**Defendant's Position**

Microsoft Shopping is a suite of features built into the internet browsing experience that offer various benefits to consumers, such as cashback and price comparisons. Microsoft Shopping competes in the online marketplace to earn commissions when consumers make qualifying

purchases. Merchants partner with individuals and entities, including Plaintiffs and Microsoft Shopping, to drive sales, and merchants adopt the rules dictating who gets commission credit for qualifying purchases. However, there are frequently multiple parties who exert varying levels of influence leading to a completed sale, and as alleged in the Amended Consolidated Class Action Complaint (Dkt. 53) (the "Amended Complaint"), the prevailing attribution rule adopted by merchants is "last click attribution," which gives commission credit to the source of the "last click" by a consumer before a qualifying online purchase. *See* Amended Complaint ¶ 83.

Plaintiffs claim that Microsoft Shopping is receiving commissions to which Plaintiffs were entitled. But Plaintiffs' problem is not with Microsoft Shopping; it is with the merchants' attribution rules. Nowhere in their nearly 100-page Amended Complaint do Plaintiffs identify any conduct by Microsoft Shopping that is contrary to those attribution rules, any commissions Microsoft Shopping received that it was not supposed to under those rules, or any commissions Plaintiffs did not receive that they were entitled to receive. To the contrary, all that Plaintiffs allege is that established merchant rules attribute credit to Microsoft Shopping when it is the source of a consumer's "last click" before making a qualifying purchase, which is precisely how Plaintiffs allege the rules are supposed to operate. *See* Amended Complaint ¶ 83. In sum, Plaintiffs' Amended Complaint demonstrates neither that they were deprived of a legally protected interest in the commissions at the core of this dispute nor any wrongful conduct by Microsoft.

**2) PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES**

**Plaintiffs' Position**

Plaintiff proposes a deadline to join additional parties of 60 days after the Court's ruling on Defendant's Motion to Dismiss.

**Defendant's Position**

Defendant proposes a deadline to join additional parties of 30 days after the Court's ruling on Defendant's Motion to Dismiss.

3)   **PROPOSED DEADLINE FOR AMENDING PLEADINGS**

**Plaintiffs' Position**

Plaintiff proposes a deadline for amending pleadings of 60 days after the Court's ruling on Defendant's Motion to Dismiss.

**Defendant's Position**

Defendant proposes a deadline for amending pleadings of 30 days after the Court's ruling on Defendant's Motion to Dismiss.

4)   **MAGISTRATE JUDGE**

The Parties respectfully decline assignment of this matter to a magistrate judge.

5)   **DISCOVERY PLAN**

   a)   **Initial Disclosures**

Pursuant to FRCP 26(a)(1) and the Court's Order dated March 21, 2025 (Dkt. 31), the Parties exchanged initial disclosures on June 2, 2025.

   b)   **Subject, Timing, and Potential Phasing of Discovery**

The Parties are currently negotiating the scope of preliminary discovery of Defendant by the Plaintiffs. Subject to an (expected) agreement by the Parties on the scope of preliminary discovery of Defendant by the Plaintiffs, the Parties jointly request that Plaintiffs' First Set of Requests be due in 30 days, on July 23, 2025. The Parties jointly request that all other discovery of Defendant or Plaintiffs begin after the date of the Court's order on Defendant's Motion to Dismiss.

The Parties are currently negotiating the scope of preliminary discovery of third parties. Subject to an (expected) agreement by the Parties on the scope of preliminary third-party discovery, the Parties jointly request that the Parties may take preliminary discovery of third-parties beginning in 30 days, on July 23, 2025.

The Parties will continue to confer in good faith regarding the scope of preliminary discovery. To the extent any issues regarding the scope of preliminary discovery arise, the Parties will bring issues to the attention of the Court only as necessary.

The Parties' jointly proposed discovery deadlines are reflected in Exhibit A to this Report.

**Plaintiffs' Position**

Plaintiffs anticipate seeking the following non-exhaustive categories of discovery: (a) data concerning the logging and tracking of affiliate links that serve to attribute transactions to content creators; (b) documents and source code reflecting how Microsoft Shopping works; (c) documents and source code reflecting the manner in which Microsoft shopping transmits information to affiliate networks and ecommerce merchants, including information used to identify the source of referrals and sales; (d) agreements between Microsoft and consumers of Microsoft Edge, Bing, Microsoft Shopping or Microsoft Rewards; (e) the applicable agreements and terms and communications between Microsoft and third-party coupon aggregators, content creators, affiliate marketers, and ecommerce merchants; (f) documents concerning the development of Microsoft Shopping; and (g) financial data related to Microsoft Shopping.

**Defendant's Position**

Defendant reserves its right to pursue discovery regarding all aspects of Plaintiffs' claims and Defendant's defenses. Defendant anticipates seeking the following non-exhaustive categories of discovery: (a) the circumstances surrounding Plaintiffs' use of affiliate links and related transactional data; (b) the applicable agreements and terms governing Plaintiffs' use of affiliate links from merchants; (c) the circumstances surrounding how attribution rules are established; (d) the Plaintiffs' communications with affiliate networks, merchants, and other publishers; and (e) Plaintiffs' alleged injuries and damages; and (f) the allegations in the Amended Complaint.

c)     **Electronically Stored Information**

The Parties are currently negotiating a stipulated ESI agreement (the "Stipulated ESI Discovery Agreement") based on the Western District of Washington's Model Agreement

Regarding ESI (the "Model ESI Agreement") that will govern the terms of the Parties' production of electronically stored information. The Parties will confer in good faith to the extent any issues regarding the format for electronic discovery arise and will bring issues to the attention of the Court only as necessary.

### d) Privilege Issues

The Parties do not anticipate any unusual or unique privilege issues. The Parties will abide by Federal Rule of Civil Procedure 26(b)(5) with respect to: (a) the withholding and disclosure of materials withheld on the basis of a privilege or the work product doctrine; and (b) information produced during discovery that is subject to a claim of a privilege or work product protection. The Parties intend to include in their Stipulated ESI Discovery Agreement procedures for asserting privilege or work product claims for withheld discovery. The Parties agree to abide by Fed. R. Evid. 502(b) with respect to any inadvertently produced privileged or otherwise protected information.

### e) Proposed Limitations on Discovery

**Plaintiffs' Position**

Plaintiffs seek that the parties be permitted to take 15 depositions per side, including potential third-party depositions, without leave of the Court. Plaintiffs presently do not seek any other limitations or expansions of discovery beyond what is set forth in the Federal Rules of Civil Procedure.

**Defendant's Position**

Defendant seeks to limit the number of depositions to 12 per side, including no more than 10 party depositions. Defendant further seeks to limit the number of Requests for Admissions to no more than 25 per party. Defendant presently does not seek any other limitations or expansions of discovery beyond what is set forth in the Federal Rules of Civil Procedure.

### f) Discovery Related Orders

The Parties are currently negotiating a stipulated protective order based on the Western

District of Washington's Model Stipulated Protective Order (the "Model Protective Order") that will govern the terms of the Parties' production of confidential, proprietary, or private information.

**6)    ITEMS REQUIRED BY CIVIL LOCAL RULE 26(f)(1)**

    **a)    Prompt Case Resolution**

The Parties have discussed the possibility of prompt case resolution but do not believe that settlement discussions would be fruitful before resolution of Defendant's Motion to Dismiss.

    **b)    Alternative Dispute Resolution**

The Parties are open to utilizing alternative dispute resolution at the appropriate time and no sooner than after the close of expert discovery. The Parties anticipate that private mediation will be the most useful form of alternative dispute resolution.

    **c)    Related Cases**

The Parties currently are not aware of any related cases pending before this Court or in any other jurisdiction.

    **d)    Discovery Management**

The Parties propose the following positions related to discovery management in order to strike a balance between thorough discovery and the expeditious and inexpensive resolution of the Action, as required by Local Civil Rule 26(f)(1)(D):

1. The Parties intend to explore the possibility of entering stipulations that may help expedite discovery.

2. The Parties do not believe it currently necessary to schedule any discovery or case management conferences with the Court.

3. The Parties agree to share discovery obtained from third parties.

4. The Parties agree to present discovery disputes to the court using the expedited procedure set forth in Local Civil Rule 37.

5. The Parties do not seek the assistance of a magistrate judge for settlement conferences.

6.     The Parties further agree that (a) for purposes of service and computation of response deadlines under the Local Rules, filing by ECF will constitute service by hand on the date ECF automated notification is sent; and (b) electronic service of all other documents, including discovery requests and responses, shall also constitute sufficient service.

### e)     Targeted Discovery

*See* above, Section 5.b.

### f)     Phasing Motions

The Parties propose deadlines for dispositive motions and trial as set out in Exhibit A.

### g)     Preservation of Discoverable Information

The Parties have informed their clients of their discovery obligations and directed their clients to take reasonable and proportional steps to preserve potentially relevant information in their custody, possession, and control.

### h)     Privilege Issues

*See* above, Section 5.d.

### i)     Model Protocol for Discovery of ESI

*See* above, Section 5.c.

### j)     Alternatives to Model Protocol

An alternative is unnecessary because the Parties anticipate adapting a modified version of the Model ESI Protocol.

### k)     Class Certification Briefing Schedule

The Parties jointly propose that Plaintiffs file their motion for class certification and class expert reports 30 days from the close of fact discovery; that Defendant files its class certification opposition brief and opposing class expert reports, as well as any *Daubert* motion of Plaintiffs' class expert reports (if any), 60 days from service of Plaintiffs' motion for class certification and class expert reports; and that Plaintiffs' file their class certification reply brief, as well as any *Daubert* motion of Defendant's class expert reports, 30 days from service of Defendant's class

1  certification opposition brief and opposing class expert reports. The Parties' jointly proposed
2  deadlines are reflected in Exhibit A to this Report.

**7) DISCOVERY CUTOFF**

The Parties jointly propose that they complete all fact discovery within 9 months of the Court's disposition of Defendant's Motion to Dismiss. The Parties jointly propose that expert discovery be completed within 30 days of service of Plaintiffs' merits reply expert reports. The Parties' jointly proposed deadlines are reflected in Exhibit A to this Report.

**8) BIFURCATION**

The Parties do not believe the Court should bifurcate the case at this time.

**9) NECESSITY OF PRETRIAL STATEMENTS AND PRETRIAL ORDERS CALLED FOR BY LOCAL CIVIL RULES 16(e), (h), (i), AND (k), AND 16.1**

**Plaintiffs' Position**

Plaintiffs believe the pretrial statements under LCR 16(e), (h), (i), and (1) and the LCR 16.1 pretrial order are necessary and apply equally if the Court certifies this case as a class action. Plaintiffs believe that an LCR16(k) pretrial conference is appropriate and will guide the parties in preparing for trial.

**Defendant's Position**

Defendant believes the class certification determination may affect the decision whether to agree to the use of pretrial statements and a pretrial order under LCR 16(e), (h), (i), and (1), and under LCR 16.1. Should the case proceed beyond the Motion to Dismiss phase, Defendant requests the Court set a status conference after determination of class certification to determine trial-related issues, including the need for the pretrial statements and pretrial order.

**10) SUGGESTIONS FOR SHORTENING/SIMPLIFYING THE CASE**

At this time, the Parties do not have any other suggestions for shortening or simplifying the case.

**11) DATE FOR TRIAL**

The Parties' jointly request that the Court defer setting a trial date until after an order or orders on all motions for summary judgment. The Parties believe that, upon an order or orders on all motions for summary judgment, the Court should set the date for trial approximately five months from an order or orders on all motions for summary judgment, at the Court's convenience. The Parties' joint proposal for setting a trial date is reflected in Exhibit A to this Report.

**12) JURY OR NON-JURY TRIAL**

Plaintiffs demanded a jury trial in their Amended Complaint. *See* Amended Complaint at 362.

**13) LENGTH OF TRIAL**

**Plaintiffs' Position**

Plaintiffs anticipate that a class action trial of this matter will take approximately 15 days.

**Defendant's Position**

Defendant estimates the trial to last approximately 10 days. In the event the Court certifies this case as a class action and the case proceeds to trial as a class action, Defendant anticipates the trial will be substantially longer.

**14) TRIAL COUNSEL CONTACT INFORMATION**

| | |
|---|---|
| *Plaintiffs' Interim Class Counsel:* | |
| Derek W. Loeser, WSBA #24274<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3400<br>Seattle, WA 98101-3268<br>Telephone: (206) 623-1900<br>Facsimile: (206) 623-3384<br>dloeser@kellerrohrback.com | Gary M. Klinger (pro hac vice)<br>MILBERG COLEMAN BRYSON<br>PHILLIPS GROSSMAN, PLLC<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br>Telephone: (866) 252-0878<br>gklinger@milberg.com |
| Jason T. Dennett, WSBA #30686<br>TOUSLEY BRAIN STEPHENS PLLC<br>1200 Fifth Avenue, Suite 1700<br>Seattle, Washington 98101<br>Telephone: (206) 682-5600 | Adam E. Polk (pro hac vice)<br>GIRARD SHARP LLP<br>601 California Street, Suite 1400<br>San Francisco, CA 94108 |

| | |
|---|---|
| jdennett@tousley.com | Telephone: (415) 981-4800<br>apolk@girardsharp.com |
| *Defendant's Counsel:*<br><br>Fred B. Burnside, WSBA No. 32491<br>DAVIS WRIGHT TREMAINE LLP<br>920 Fifth Avenue, Suite 3300<br>Seattle, WA 98104-1610<br>Telephone: (206) 622-3150<br>E-mail: fredburnside@dwt.com | George Gordon (admitted *pro hac vice*)<br>Julia Chapman (admitted *pro hac vice*)<br>DECHERT LLP<br>Cira Centre, 2929 Arch Street<br>Philadelphia, PA 19104<br>Telephone: (215) 994-4000<br>george.gordon@dechert.com<br>julia.chapman@dechert.com<br><br>Gregory Chuebon (admitted *pro hac vice*)<br>DECHERT LLP<br>1095 6th Ave<br>New York, NY 10036<br>Telephone: (212) 698-3500<br>greg.chuebon@dechert.com |

**15)    DATES ON WHICH TRIAL COUNSEL MAY HAVE COMPLICATIONS**

The Parties' jointly request that the Court defer setting a trial date until after an order or orders on all motions for summary judgment. *See* above, Section 11. The Parties' joint proposal for setting a trial date is reflected in Exhibit A to this Report.

**16)    SERVICE ON DEFENDANT**

The sole defendant has been served with the Amended Complaint as of the date of this Report.

**17)    REQUEST FOR SCHEDULING CONFERENCE**

The Parties do not request a scheduling conference prior to the Court's entry of a scheduling order in this case.

**18)    DATE CORPORATE DISCLOSURE FORM FILED**

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.1, Defendant filed its corporate disclosure statement on February 18, 2025 (Dkt. 13).

# EXHIBIT A

## Proposed Case Schedule

| Event | Joint Proposed Schedule |
|---|---|
| Preliminary Discovery Begins | Plaintiffs' First Set of Requests:<br>Due in 30 days subject to the following limitations: The scope of preliminary discovery of Microsoft shall be limited by an agreement among the Parties.<br><br>Third party discovery may proceed in 30 days, subject to the following limitations: The scope of preliminary discovery of third parties shall be limited by an agreement among the Parties. |
| Full Fact Discovery Begins | Date of motion to dismiss decision (if denied), Plaintiffs' Second Set of Requests: 30 days after date of |
| Fact Discovery Ends | 9 months from start of full fact discovery |
| Class Certification Motion and Class Expert Reports | 30 days from close of fact discovery |
| Class Opposition and Opposing Class Reports; *Daubert* of Class Expert Reports | 60 days from service of motion for class certification |
| Reply Briefs in Support of Class Certification; *Daubert* of Opposing Class Expert Reports | 30 days from service of class certification opposition briefs |
| Plaintiffs' merits expert reports | 30 days from decision on class certification |
| Defendant's merits expert reports | 90 days from service of Plaintiffs' merits reports |
| Plaintiffs' merits reply reports | 30 days from service of Defendant's merits reports |
| Expert Discovery Closes | 30 days from service of Plaintiffs' merits reply reports |
| Motion for Summary Judgment and Daubert Motions | 60 days from close of expert discovery |
| Motion for Summary Judgment and Daubert Opposition Briefs | 45 days from opening briefs |

Case 2:25-cv-00088-RSM   Document 56   Filed 06/23/25   Page 13 of 14

| Event | Joint Proposed Schedule |
|---|---|
| Motion for Summary Judgment and Daubert Reply Briefs | 21 days from service of opposition briefs |
| Trial | 5 months from decision on motions for summary judgment, at the Court's convenience |

Dated: June 23, 2025

By: /s/ Fred B. Burnside

Fred B. Burnside, WSBA #32491
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
E-mail: fredburnside@dwt.com

George Gordon (admitted *pro hac vice*)
Julia Chapman (admitted *pro hac vice*)
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
george.gordon@dechert.com
julia.chapman@dechert.com

Gregory Chuebon (admitted *pro hac vice*)
DECHERT LLP
1095 6th Ave
New York, NY 10036
Telephone: (212) 698-3500
greg.chuebon@dechert.com

***Attorneys for Defendant Microsoft Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the USDC, Western District of Washington, using the CM/ECF system which will send notification of such filing to the following:

*/s/ Fred B. Burnside*

Fred B. Burnside, WSBA #32491
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
E-mail: fredburnside@dwt.com

***Attorney for Defendant Microsoft Corporation***