The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In re Microsoft Browser Extension Litigation* | Consolidated Case No. 2:25-cv-00088<br><br>**STIPULATED MOTION AND AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER**<br><br>**NOTE FOR MOTION CALENDAR:**<br>November 17, 2025 |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.   General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. This

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 1

agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

3. Costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26.

**B.    ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians.</u> The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control. The parties are expected to meet and confer to establish the appropriate number of custodians to be disclosed based on the complexity, proportionality and nature of the case. Disputes should promptly be submitted to the Court for resolution. This disclosure provision is distinct from the parties' agreement set forth in Section E below about determining the number of custodians from whom ESI should be gathered.

    a. <u>Foreign Custodians.</u> To the extent a requested Custodian resides in or has data stored in a Foreign Country that is subject to a Foreign Privacy regime such as GDPR, the parties will attempt to locate a substitute US Custodian who is likely to have the same or similar relevant data. If a corresponding US Custodian cannot be identified and the Foreign Custodian's data is deemed to be both unique and essential to the matter, then discovery related to this Custodian will be phased to occur toward the end of discovery in order to allow additional time to meet the increased compliance requirements.

2. <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*,

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.     Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics.

   b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

             operating system.

c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

d. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

f. Server, system or network logs.

g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android, Blackberry, or similar handheld mobile devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.    Privilege**

1. A producing party shall create a privilege log of all documents fully withheld on the basis of privilege or protection, unless otherwise agreed or excepted by this Agreement and Order.

2. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than no later than 60 days after delivering a production.

3. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

4. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information on privilege logs.

5. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

6. Consistent with Federal Rules of Evidence 502 (d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

**E.    ESI Discovery Procedures**

1. <u>Search methodology.</u> The parties shall, in a timely manner, confer to attempt to reach agreement on the appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms and queries, file type and restrictions, data sources (including custodians), or computer- or technology-aided methodology.  In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

      a.    Prior to running searches, a producing party shall disclose the data sources (including custodians), search terms or queries, if any, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology. The producing party may provide hit counts for each search query.

      b.    After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

      c.    The following provisions apply to search terms/queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query. Absent a showing of good cause, each search term or query that returns more than 250 megabytes of data, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types or 400 unique documents, excluding families, is presumed to be overbroad.

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

      d.      The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

2.      <u>Format.</u>

      a.      The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

      b.      Native Format. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

      c.      Physical/Hard Copy Documents. Hard copies of documents should be converted to TIFF images and should be produced according to the specifications in this paragraph.

      d.      Unique IDs. Each document image file shall be named with a unique number (Bates Number) (*e.g.*, ABC000001.TIFF). File names should not be more than twenty characters long or contain spaces. Images shall be produced using a unique file name. The Bates number must appear on the face of the image and, to the extent practical, not obliterate, conceal, or interfere with any information from the source document. While Bates numbers will not appear on the face of the image for native documents produced, slipsheets shall be provided for native documents produced.

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

e. Confidentiality Designation. Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order entered in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file, indicated on its corresponding TIFF placeholder and/or set forth as a metadata field.

f. Text Files. The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (e.g., the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

g. De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

h. Email Threading. The parties may use analytics technology to identify email threads and need only produce unique content and related family members and may exclude inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

i. Metadata Fields. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced (to the

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 8

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

extent they exist and are reasonably accessible and non-privileged): document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; ThreadID; attachment name; number of attachments; redaction (designating if document has redactions); confidentiality (if document is designated confidential); file name and size; file extension; original file path; date and time created, sent, modified and/or received; BEGBates (beginning Bates numbers), ENDBates (ending Bates numbers), BEGAttach (first production Bates number of first document in a family), EndAttach (last production Bates number of first document in a family), ParentBates (first bates number of parent document or email), ChildBates (first bates number of "child" attachment(s), NativePath, TextPath, and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

3. <u>Production Media.</u>

   a. Unless otherwise agreed by the parties, the parties shall produce documents in an encrypted format through electronic means, such as external hard drives, secure file sharing methods (e.g., FTP), or readily accessible computer or electronic media (e.g., CDs, DVDs) (collectively, "Production Media"), with explicit decryption instructions. Unless otherwise agreed by the partied, productions shall have the following four directories: (1) IMAGES for the images; (2) DATA for the .dat and .opt files; (3) TEXT for the extracted text/OCR files; and (4) NATIVES for any native Excel or other files that cannot be understood

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

reasonably unless displayed in native format. The producing party shall identify: (a) the Responding Party's name; (b) the production date; and (c) the Bates Number range of the materials contained on the Production Media.

DATED this 17th day of November, 2025.

TOUSLEY BRAIN STEPHENS PLLC


By: *s/Joan M. Pradhan*
Jason T. Dennett, WSBA #30686
Joan M. Pradhan, WSBA #58134
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: 206.682.5600/Fax: 206.682.2992
jdennett@tousley.com
jpradhan@tousley.com

Gary M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

Alexandra M. Honeycutt (pro hac vice)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
800 S. Gay St., STE 1100
Knoxville, TN 37929
Telephone: (866) 252-0878
ahoneycutt@milberg.com

Adam E. Polk (pro hac vice)
Simon S. Grille (pro hac vice)
GIRARD SHARP LLP
601 California Street, Suite 1400

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 10

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

```
                              San Francisco, CA 94108
                              Telephone: (415) 981-4800
                              apolk@girardsharp.com
                              sgrille@girardsharp.com
                              Derek W. Loeser, WSBA #24274
                              Cari Campen Laufenberg, WSBA #34354
                              KELLER ROHRBACK L.L.P.
                              1201 Third Avenue, Suite 3400
                              Seattle, WA 98101-3268
                              Telephone: (206) 623-1900
                              Facsimile: (206) 623-3384
                              dloeser@kellerrohrback.com
                              claufenberg@kellerrohrback.com

                              ***Interim Co-Lead Counsel for Plaintiffs***


                          By: *s/Fred B. Burnside*
                              Fred B. Burnside, WSBA #32491
                              DAVIS WRIGHT TREMAINE LLP
                              920 Fifth Avenue, Suite 3300
                              Seattle, WA 98104-1610
                              Telephone: (206) 622-3150
                              E-mail: fredburnside@dwt.com

                              George Gordon (admitted pro hac vice)
                              Julia Chapman (admitted pro hac vice)
                              DECHERT LLP
                              Cira Centre, 2929 Arch Street
                              Philadelphia, PA 19104
                              Telephone: (215) 994-4000
                              E-mail: george.gordon@dechert.com
                              E-mail: julia.chapman@dechert.com

                              Gregory Chuebon (admitted pro hac vice)
                              DECHERT LLP
                              1095 6th Ave
                              New York, NY 10036
                              Telephone: (212) 698-3500
                              E-mail: greg.chuebon@dechert.com

                              ***Attorneys for Defendant Microsoft Corporation***
```

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 11

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED this _____ day of November, 2025.

 

_____
The Honorable Ricardo S. Martinez
UNITED STATES DISTRICT JUDGE

Presented By:

TOUSLEY BRAIN STEPHENS PLLC

By: *s/Joan M. Pradhan*
Jason T. Dennett, WSBA #30686
Joan M. Pradhan, WSBA #58134
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: 206.682.5600/Fax: 206.682.2992
jdennett@tousley.com
jpradhan@tousley.com

Gary M. Klinger (pro hac vice)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

Alexandra M. Honeycutt (pro hac vice)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
800 S. Gay St., STE 1100
Knoxville, TN 37929
Telephone: (866) 252-0878
ahoneycutt@milberg.com

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 12

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| 1 | Adam E. Polk (pro hac vice) |
| | Simon S. Grille (pro hac vice) |
| 2 | GIRARD SHARP LLP |
| | 601 California Street, Suite 1400 |
| 3 | San Francisco, CA 94108 |
| | Telephone: (415) 981-4800 |
| 4 | apolk@girardsharp.com |
| 5 | sgrille@girardsharp.com |

1  Adam E. Polk (pro hac vice)
   Simon S. Grille (pro hac vice)
2  GIRARD SHARP LLP
   601 California Street, Suite 1400
3  San Francisco, CA 94108
   Telephone: (415) 981-4800
4  apolk@girardsharp.com
5  sgrille@girardsharp.com

6  Derek W. Loeser, WSBA #24274
   Cari Campen Laufenberg, WSBA #34354
7  KELLER ROHRBACK L.L.P.
   1201 Third Avenue, Suite 3400
8  Seattle, WA 98101-3268
   Telephone: (206) 623-1900
9  Facsimile: (206) 623-3384
   dloeser@kellerrohrback.com
10 claufenberg@kellerrohrback.com

11 *Interim Co-Lead Counsel for Plaintiffs*

12

13 By:*s/Fred B. Burnside*
   Fred B. Burnside, WSBA #32491
14 DAVIS WRIGHT TREMAINE LLP
   920 Fifth Avenue, Suite 3300
15 Seattle, WA 98104-1610
   Telephone: (206) 622-3150
16 E-mail: fredburnside@dwt.com

17 George Gordon (admitted pro hac vice)
   Julia Chapman (admitted pro hac vice)
18 DECHERT LLP
   Cira Centre, 2929 Arch Street
19 Philadelphia, PA 19104
   Telephone: (215) 994-4000
20 E-mail: george.gordon@dechert.com
   E-mail: julia.chapman@dechert.com

21
   Gregory Chuebon (admitted pro hac vice)
22 DECHERT LLP
   1095 6th Ave
23 New York, NY 10036
   Telephone: (212) 698-3500
24 E-mail: greg.chuebon@dechert.com

25 *Attorneys for Defendant Microsoft Corporation*

26

STIPULATED MOTION AND AGREEMENT
RE: ESI AND [PROPOSED] ORDER - 13