UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: MICROSOFT BROWSER
EXTENSION LITIGATION

CASE NO. C25-88RSM

ORDER DENYING SECOND
STIPULATED MOTION FOR
PROTECTIVE ORDER

This matter comes before the Court on the parties' second Stipulated Motion for Protective Order, Dkt. #65. The Court previously denied the parties' first Stipulated Motion for Protective Order. *See* Dkt. #64.

"The court may enter a proposed stipulated protective order as an order of the court if it adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal." LCR 26(c)(2).

The Court finds that this second proposed Protective Order again fails to conform to the above requirements. Under the section entitled Confidential Material, the Court's Model Protective Order instructs: "[t]he parties must include a list of specific documents such as 'company's customer list' or 'plaintiff's medical records;' do not list broad categories of

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 1

documents such as 'sensitive business material.'" The parties have listed, *inter alia*, the following categories of confidential documents:

> … Defendant's non-public human resources, financial, forecasts, accounting, business plans, marketing plans, personnel, commercial, proprietary data, internal policies/guidelines/ procedures, applications, or intellectual property or trade secret information; (c) non-public research and development, designs, drawings, engineering, hardware and software configuration information, descriptions of computer code, and technical information relating to prior, current, or prospective products; (d) non-public contractual terms and communications with customers, vendors, merchants, advertising platforms, and other parties; (e) non-public information regarding transactions, customers, customer lists, customer usage, customer payments, customer feedback, and customer technical requirements; (f) information over which the designating party is obligated to maintain confidentiality by contract or otherwise; and (g) information expressly designated as, and reasonably believed by the designating party to be, confidential in nature.

Dkt. #65 at 3–4.

The Court finds that the parties have again impermissibly left the door open to labeling a wide variety of documents as confidential. The parties have now followed the Court's suggestion to list specific documents. However, they still included a catchall (g) where the parties can pretty much designate *anything* as confidential if they believe it is reasonable to do so. The parties again include vague categories such as "non-public… commercial information." This is essentially the same as "sensitive business material," something that is specifically called out in the model order for being overly broad. The parties submit no argument to justify a departure from the model protective order's guidelines. Accordingly, this Motion will be denied.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the parties' second Stipulated Motion for Protective Order, Dkt. #65, is

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 2

DENIED.  The Court advises the parties to read the above Order a few times over, come up with a more specific list of confidential documents, and to re-submit this motion.

DATED this 5th day of January, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE