1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

*In re Microsoft Browser Extension Litigation*

Consolidated Case No.
2:2025-cv-00088

**AMENDED STIPULATED PROTECTIVE ORDER**

19    **WHEREAS**, discovery in this Action may involve the disclosure of certain documents,

20  things and information that constitute or contain trade secrets or other confidential research,

21  development or commercial information within the meaning of Fed. R. Civ. P. 26(c) by Parties

22  and Non-Parties:

23    **WHEREAS**, the Parties to this Action desire to establish a mechanism to protect

24  information produced by Parties and Non-Parties in this Action from improper disclosure

25  without unduly encroaching upon the public's right to be informed of judicial proceedings; and

26
27

**WHEREAS**, there is a possibility that documents relevant to this proceeding may contain sensitive personal information that is protected under federal, state or foreign Data Protection Laws or other privacy obligations;

**WHEREAS**, the parties proposed an Amended Stipulated Protective Order to address the Court's Order of December 1, 2025;

**WHEREAS**, the parties proposed another Amended Stipulated Protective Order to address the Court's Order of January 5, 2026;

**IT IS HEREBY ORDERED** that:

1. **DEFINITIONS**

    1.1   Action: the cases coordinated or consolidated for pretrial proceedings in this litigation captioned *In Re Microsoft Browser Extension Litigation*, Case No. 2:25-cv-00088.

    1.2   Authorized Reviewer: a person who is authorized under paragraph 6.4.10 of this Protective Order to view HIGHLY CONFIDENTIAL – SOURCE CODE material.

    1.3   Party or Parties: any party to this Action, including all its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

    1.4   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

    1.5   Court: the court maintaining jurisdiction and overseeing proceedings in this Action.

    1.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    1.7   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    1.8   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Source Code," "Protected Data," or "Summary Financial and Transaction Data."

1.9     Designating Party: a Party, person, or entity, including a Non-Party, designating documents or information as Protected Material under this Order.

1.10    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.11    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1.12    Counsel (without qualifier): Outside Counsel of Record and In-house Counsel (as well as their support staff).

1.13    Designated In-house Counsel: In-house Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

1.14    In-house Counsel: attorneys who are employees of a Party to this Action. In-house Counsel does not include Outside Counsel of Record or any other outside counsel.

1.15    Outside Counsel of Record: attorneys who reside in the U.S., are members of a bar of a U.S. state or Washington, DC, who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.16    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.17    "CONFIDENTIAL" Information or Items: includes the following documents and tangible things produced or otherwise exchanged: (a) sensitive personal identifying information, including, but not limited to, the personal identifiers listed in LCR 5.2(a), individuals' dates of birth, social security numbers, tax information and taxpayer-identification numbers, financial accounting information, passport numbers, driver license numbers, contact information, purchases, transactions, and sensitive employment records; (b) Defendant's non-public human resources

records (such as personal details, employment applications, employment contracts, hiring, onboarding, and termination documents, compensation and benefits, and performance reviews), financial records (such as balance sheets, income statements, cash flow statements, and profit and loss statements), financial forecasts (such as sales forecasts, expense budgets, break-even analyses, and capital expenditure plans), accounting records (such as transaction records, invoices, account statements, accounting journals, ledgers, purchase orders, tax documents, and audit documents), business plans (such as operation plans, funding requests, expenditure plans, budgets, product or business timelines, key performance indicators, and executive summaries ), marketing plans (such as market analyses, competitive analyses, marketing and sales strategies and plans, SWOT analyses, and unreleased promotional or advertising materials), personnel records,  proprietary data, internal policies/guidelines/procedures, or intellectual property or trade secret information; (c) non-public research and development, designs, drawings, engineering, hardware and software configuration information, descriptions of computer code, and technical information relating to prior, current, or prospective products; (d) non-public contractual terms and communications with customers, vendors, merchants, advertising platforms, and other parties; (e) non-public information regarding commercial and customer transactions, customers, customer lists, customer usage, customer payments, customer feedback, and customer technical requirements; and (f) information over which the designating party is obligated to maintain confidentiality by contract or otherwise. The information contained therein and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such information shall also be deemed CONFIDENTIAL information. Information originally designated as CONFIDENTIAL information shall not retain that status after any ruling by the Court denying such status to it.

1.18    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items" that the Designating Party reasonably believes contains highly sensitive business or personal information, the disclosure of which to another Party or Non-Party would create a substantial risk of injury or harm, including

significant competitive or commercial disadvantage to the Designating Party that could not be avoided by less restrictive means. Highly Confidential – Attorneys' Eyes Only information may include, but is not limited to, trade secrets, research and development, financial information, network security details, data security information, personnel files, and information over which the Producing Party has a duty or obligation to maintain confidentiality, including but not limited to by operation of contract or federal, state, or foreign data protection laws.

1.19 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code (*i.e.,* computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), summaries thereof, and associated comments and revision histories, formulas, engineering specifications or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.20 "SUMMARY FINANCIAL AND TRANSACTION DATA": Highly Confidential – Attorneys' Eyes Only information that consists of financial summaries, affiliate commission transaction logs or summaries, or similar information which may be disclosed to Experts (as defined in this order) of the Receiving Party as provided for in paragraph 6.3.2.

1.21 "PROTECTED DATA": refers to any information that a Party or Non-Party reasonably believes to be subject to federal, state or foreign Data Protection Laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); and Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR").

**2.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, quotes, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**3.    DURATION AND TERMINATION**

3.1    This Order shall continue in effect after the termination of this Action and continue to be binding upon all persons to whom Protected Material is disclosed hereunder.

3.2    Within sixty (60) days after the last of a Party's case is terminated (including all appeals), or such other time as the Designating Party may agree in writing, the Receiving Party shall use commercially reasonable efforts to either return or destroy all documents, objects and other materials produced as or designated as Protected Material, including all reproductions thereof, including but not limited to that given to Experts and In-House Counsel. Counsel responsible for the destruction shall certify to counsel for the Designating Party that all such materials have been destroyed to the extent practicable.

3.3    Notwithstanding Section 3.2, Counsel shall not be required to delete information that may reside on their respective Parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonable accessible.  However, Parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.  Additionally, Outside Counsel for each Party may retain (a) copies of pleadings, filings, transcripts, expert reports and exhibits (but not documents/materials merely cited), affidavits, and correspondence containing material designated Protected Material, (b) documents, things, copies and samples to the extent they include or reflect receiving attorney's work product, and (c) one copy of pleadings or other papers filed with the Court or served in the course of litigation (and exhibits thereto), deposition

transcripts, deposition exhibits, and the trial record, so long as this Order will continue to govern any such retained materials.

**4.    DESIGNATING PROTECTED MATERIAL**

4.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Designating Party that produces or discloses any material, documents, or items that it reasonably believes contains or comprises Protected Material shall so designate the same.  Such a designation is a representation that the Designating Party reasonably believes that the material, document, or item contains Protected Material. The Parties will use reasonable care to avoid designating as Protected Material documents or information that is not Protected Material.   Indiscriminate designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2    <u>Method of Designating Static Image Files.</u>  With respect to documents or copies containing Protected Material produced as a static image, the Designating Party shall mark the document, information, or material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate.  The Designating Party shall additionally mark the document, information, or material as "SUMMARY FINANCIAL AND TRANSACTION DATA" where appropriate. The Designating Party shall mark the initial page and the page or pages on which any "PROTECTED DATA" appears with the legend "PROTECTED DATA," whether the Protected Material has already been redacted or not.  If a Party initially produces documents for inspection (*e.g.*, because of the volume of materials and to reduce unnecessary copying), in lieu of marking the original of a document which contains Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Source Code, or Protected Data prior to such an inspection, counsel for the Producing Party may in writing designate documents or things being produced for inspection as Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Source Code,

and/or Protected Data, thereby making them subject to this Order; however, copies of such documents thereafter provided must be marked by the Designating Party, if appropriate, in accordance with this Order at the time copies are formally produced.  Tangible objects constituting or containing Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Source Code, Protected Data, and/or Summary Financial and Transaction Data may be designated as such by affixing to the object or its container, a label or tag marked in capital letters "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," "PROTECTED DATA," and/or "SUMMARY FINANCIAL AND TRANSACTION DATA" as appropriate. If the Producing Party believes that only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s)(*e.g.*, by making appropriate markings in the margins).

4.3     Designating Native Files.  With respect to documents containing Protected Material produced in Native Format, the Designating Party shall include the appropriate confidentiality, protected data, and/or Summary Financial and Transaction Data designation in the filename and on any related imaged slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

4.4     With respect to all documents produced that contain Protected Material, the Designating Party will also include in the Load File the appropriate designation that includes the level of protection (*e.g.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," "PROTECTED DATA," and/or "SUMMARY FINANCIAL AND TRANSACTION DATA").

4.5     Designation and Counter-Designation of Third Party or other Party Files.   A Designating Party may designate, or counter designate with a higher designation, information or items produced by another Party or Non-Party that contains or is derived from the Designating Party's own Protected Material. Designations or counter-designations are subject to the restrictions

set forth in the Order. Each Party that designates or counter designates such information or items will be treated as a Designating Party for purposes of this Order.

4.6    Correction of Inadvertent Failures to Designate.    A Party or person producing information in this litigation who, despite the exercise of due care, produces or provides Protected Material without designating it Protected Material as provided in this Order, may upon timely written notification to the Receiving Party or parties designate the document, thing, other discovery information, response or testimony as Protected Material in accordance with the provisions of this Order. The Receiving Party or Parties shall treat such documents, things, information, responses and testimony as Protected Material from the date such notice is received in accordance with the provisions of this Order. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. Upon notice to the Receiving Party of such failure to designate, the Receiving Party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated material, without prejudice.  Within five (5) days of providing written notice that a document or documents were not designated Protected Material under this provision, the Designating Party must provide the Receiving Party with replacement copies of such documents containing the proper designation.  Upon receipt of such replacement copies, the Receiving Party shall immediately destroy any copies of the unmarked or incorrectly marked documents, things, information responses, or testimony; except that the Receiving Party shall not be obliged to destroy any misdesignated material that has become part of the record of this litigation.

4.7    Right to Seek Additional Protections.  This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

**5.    CHALLENGING PROTECTED MATERIAL DESIGNATIONS**

5.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to a Protected Material Designation is being made under the Protective Order. In the notice, the Challenging Party must explain the basis for its belief that the designation was not proper. The Designating Party must respond within 14 days of receiving the notice to either modify the designation as requested or explain why it believes the chosen designation is appropriate.  For challenges over 50 documents, the Producing Party will be permitted three (3) additional days to respond to the challenge for each 10 additional documents challenged. Within seven (7) days of the Designating Party's response, the parties must engage in a good faith meet and confer conference (via face-to-face meeting or telephone conference) in an effort to resolve the dispute without Court intervention. A Challenging Party may proceed to the next stage of the challenge if the Designating Party fails to respond within the time limits above or after the Designating Party has confirmed that it will maintain the designation.

5.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party may file and serve a motion challenging the designation under Local Civil Rule 37.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. The Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**6.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

6.1  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 3 above. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

6.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

6.2.1  The Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

6.2.2  No more than three officers, directors, or employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.2.3  Experts (as defined in this order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided (a) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party in the business in which Microsoft Shopping competes and operates, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party in the business in which Microsoft Shopping competes and operates; (b) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party in the business in which Microsoft Shopping competes and

operates; and (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction;

6.2.4    The Court and its personnel;

6.2.5    Court reporters and their staff;

6.2.6    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.2.7    During their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

6.2.8    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

6.2.9    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

6.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", "PROTECTED DATA," and "SUMMARY FINANCIAL AND TRANSACTION DATA" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "PROTECTED DATA," or "SUMMARY FINANCIAL AND TRANSACTION DATA" only to certain groups of individuals defined below, and all such designated information or items shall be maintained securely within the United States of America, and may not be accessed by any entity or individual outside of the United States of America. Such material may be accessed by:

6.3.1    The Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

6.3.2    Experts (as defined in this order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided (a) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party in the business in which Microsoft Shopping competes and operates, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party in the business in which Microsoft Shopping competes and operates; (b) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party in the business in which Microsoft Shopping competes and operates; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and, except for information or items designated "SUMMARY FINANCIAL AND TRANSACTION DATA," (d) as to whom the procedures set forth in paragraph 6.5.3, below, have been completed;

6.3.3    The Court and its personnel;

6.3.4    Court reporters and their staff;

6.3.1    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.3.2    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

6.3.3    Any mediator or settlement officer, and their supporting personnel, as mutually agreed upon by any of the Parties engaged in settlement discussions; and

6.3.4    Designated In-House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 6.5.2, below, have been followed.

6.4    <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Materials</u>

6.4.1    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to select Receiving Parties outlined in 6.4.10 below (the "Authorized Reviewers").

6.4.2    Any "HIGHLY CONFIDENTIAL – SOURCE CODE" information produced in discovery shall be made available for inspection in a secure, password-protected, "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). The stand-alone computer may be connected to a device capable of temporarily storing electronic copies solely for the limited purpose of allowing the Producing Party to make copies as set forth below in Section 6.4.6.  The stand-alone computer may only be located at an office of the Producing Party's counsel of record.

6.4.3    To facilitate review of the HIGHLY CONFIDENTIAL – SOURCE CODE material, the Producing Party shall install tools that are sufficient for viewing and searching the code produced on the platform produced, and such tools shall be disclosed to the Receiving Party upon request and upon three (3) days' notice. The Receiving Party's outside counsel and/or experts may request that additional commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Producing Party approves such software tools, approval of which cannot be unreasonably withheld; (b) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with

all of the protections herein; and (c) licensed copies of such software tools are provided and paid for by the Receiving Party prior to a duly-noticed inspection, provided that the appropriate software tools and licenses are provided by the Receiving Party at least five (5) business days prior to a properly noticed inspection.  The Producing Party shall promptly notify the Receiving Party if there are any technical difficulties or problems with installing the software tools, and the Parties shall work together cooperatively to ensure proper installation when feasible.

6.4.4    During the source code review, the Receiving Party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce HIGHLY CONFIDENTIAL – SOURCE CODE material. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The Producing Party is permitted to implement reasonable security measures on Authorized Reviewers including prohibiting Authorized Reviewers from bringing mobile phones and laptops into the room housing the stand-alone computer, as well as posting a representative of the Producing Party outside the room to control access to the same.  The Producing Party shall, however, provide a functioning landline telephone in the room housing the stand-alone computer and make available a nearby breakout room or visitor office with internet access where cellular phones and laptops may be used by the Receiving Party.

6.4.5    An Authorized Reviewer shall be entitled to take notes relating to the HIGHLY CONFIDENTIAL – SOURCE CODE material, including file names, directory paths, function names, data variable names, general operational and structural features, and brief descriptions, but may not copy the HIGHLY CONFIDENTIAL – SOURCE CODE material into the notes or take notes that would reasonably enable anyone outside of the Producing Party to recreate the HIGHLY CONFIDENTIAL – SOURCE CODE material that is the subject of the notes. If any Authorized Reviewer(s) reviewing HIGHLY

CONFIDENTIAL – SOURCE CODE material seeks to take notes, all such notes can be taken on bound (spiral or other type of permanently bound) notebooks or on the stand-alone computer. Authorized Reviewers will also be permitted to receive electronic copies of notes taken on the stand-alone computer.  Upon request, during source code review, the Producing Party shall permit an Authorized Reviewer to generate a printout of the notes taken on the stand-alone computer. Additionally, upon request, the Producing Party shall transmit, in a secure format (*e.g.*, by secure FTP), the notes taken on the stand-alone computer to the Receiving Party within two (2) business days. Electronic copies of notes shall, at all times, be saved in a secured medium, such as a password protected file or encrypted and password protected thumb drive, CD, or DVD.  Access to such notes shall be granted exclusively to Authorized Reviewers and Outside Counsel for the Receiving Party, and passwords shall only be available to or disseminated to such Authorized Reviewers and Outside Counsel for the Receiving Party.

6.4.6    During source code review, the Receiving Party may save portions of source code as PDF files in a designated folder created by the Producing Party on the source code Computer. The Receiving Party may also request printouts of Source Code Material. Any Source Code Material printed or saved to PDF by the Receiving Party must include, where available, (1) directory path information and filenames from which the Source Code Material came and (2) line numbers.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere. The Receiving Party may not save for printing a total of more than 200 pages of Source Code, without the express written consent of the Producing Party.  Once the Producing Party makes Source Code available for inspection on the Source Code Computer, and review has sufficiently proceeded, the Parties may meet and confer regarding reasonable additional lines and/or

pages of Source Code that may be printed by Receiving Party.  The Receiving Party shall bear the burden of demonstrating a need for any additional lines and/or pages of Source Code to be printed.  The HIGHLY CONFIDENTIAL – SOURCE CODE material saved to the designated folder location on the stand-alone computer will be physically printed by the Producing Party on watermarked or colored Bates-numbered paper.  Within five (5) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party (for delivery to Receiving Party's outside counsel within two (2) business days, or by any other means agreed to by the Parties) or (ii) inform the Requesting Party that it objects that the printed portions are not done for a permitted purpose (*e.g.*, in order to review blocks of Source Code elsewhere in the first instance or for any other purpose that would be contrary to the intent of this Protective Order). If the Producing Party objects that the printed portions are not done for a permitted purpose, the parties shall meet and confer within two (2) business days following such objection. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek the Court's resolution of whether the printed Source Code was printed for a permitted purpose. Upon resolution of the objection by the parties or by the Court, or if the objection is otherwise retracted by the Producing Party, the Producing Party shall provide one copy of such pages to the Receiving Party within two (2) business days (for delivery to Receiving Party's outside counsel within two (2) business days, or by any other means agreed to by the Parties).  Each printed page shall bear the designation "HIGHLY CONFIDENTIAL – SOURCE CODE" and Bates numbering.

6.4.7   The Receiving Party shall be permitted to make a reasonable number of photocopies of HIGHLY CONFIDENTIAL – SOURCE CODE material produced to it further to Section 6.4.12, which shall presumptively be a total of five (5), all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the Receiving Party shall maintain a log of all such files that are photocopied. The

Receiving Party may request a reasonable addition to the limit on the number of copies of Source Code with a showing of good cause. The Receiving Party shall bear the burden of demonstrating a need for any requested additional photocopies of Source Code. In addition, the Receiving Party may make copies of excerpts for the sole purpose of providing these excerpts in a pleading, exhibit, demonstrative, expert report, or other Court document filed with the Court under seal in accordance with the Court's rules, procedures and orders (or drafts thereof) and should designate each such document "HIGHLY CONFIDENTIAL – SOURCE CODE." Each such excerpt shall be no longer than is reasonably necessary. The Receiving Party shall provide notice to the Producing Party or its counsel at the time of submission or filing for each occasion on which it submits portions of HIGHLY CONFIDENTIAL – SOURCE CODE material in a pleading or other Court document. In the event copies of HIGHLY CONFIDENTIAL – SOURCE CODE material are used as exhibits in a deposition or during trial, such copies shall not be counted in the presumptive limit on the number of photocopies, printouts shall not be provided to the court reporter, and any copies of the HIGHLY CONFIDENTIAL – SOURCE CODE material made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial. The original copies of deposition exhibits designated "HIGHLY CONFIDENTIAL – SOURCE CODE" will be maintained by the deposing Party under the terms set forth in this Protective Order.

6.4.8    The Receiving Party's access to the stand-alone computer will be limited to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time on business days (*i.e.*, weekdays that are not Federal holidays). However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Receiving Party shall provide at least seven (7) business days' notice in advance of any visit to access the HIGHLY CONFIDENTIAL – SOURCE CODE material, including notice of the HIGHLY

CONFIDENTIAL – SOURCE CODE material that it wishes to inspect.    Following the Receiving Party's first inspection of the HIGHLY CONFIDENTIAL – SOURCE CODE material, the Receiving Party shall notify the Producing Party at least two (2) business days in advance of any subsequent inspections.  If the stand-alone computer is not reasonably available during a requested inspection period (*e.g.*, due to space constraints, holidays, etc.), the Producing Party shall promptly notify the Receiving Party and the Parties shall work together cooperatively to identify the next available inspection time period.

6.4.9    Any printed pages of source code shall be maintained in a secure, locked safe at the office of the counsel of record for the Receiving Party or the office of an Authorized Reviewer. The printed source code shall not be copied, scanned, or otherwise reproduced, except as necessary for Court filings, expert reports, or depositions, and any such copies shall be treated with the same level of protection as the original printed source code. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the HIGHLY CONFIDENTIAL – SOURCE CODE material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the HIGHLY CONFIDENTIAL – SOURCE CODE material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).  The Receiving Party shall not be permitted to make any additional electronic or hard copies of any Source Code PDF files produced pursuant to 6.4.8.  In addition, HIGHLY CONFIDENTIAL – SOURCE CODE material may not be scanned or otherwise processed using optical character recognition ("OCR") technology.

6.4.10  Access to the HIGHLY CONFIDENTIAL – SOURCE CODE material shall be limited to the following:

6.4.10.1    Outside Counsel, their staff, and employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

6.4.10.2    Experts (as defined in this order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided (a) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party in the business in which Microsoft Shopping competes and operates, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party in the business in which Microsoft Shopping competes and operates; (b) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party in the business in which Microsoft Shopping competes and operates; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) as to whom the procedures set forth in paragraph 6.5.3, below, have been completed;

6.4.10.3    The Court and its personnel; and

6.4.10.4    Court reporters and their staff.

6.4.11  The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.

6.4.12  Use. The source code may be cited in briefs, expert reports, or depositions. The amount of source code cited in any single brief, expert report, or deposition exhibit shall be no more than reasonably necessary to support the arguments or claims made therein, and no more than twenty (20) contiguous lines of source code may be reproduced by the Receiving Party in any single instance within the brief, expert report, or deposition exhibit.

6.4.13  The cited or reproduced portions of the source code shall be treated with the same level of protection as the original source code.

6.4.14 A Producing Party's HIGHLY CONFIDENTIAL – SOURCE CODE material may only be transported by the Receiving Party at the direction of a person authorized under paragraphs 6.3.1 through 6.3.6 above to another person authorized under section 6.5 below. HIGHLY CONFIDENTIAL – SOURCE CODE material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

6.4.15  These procedures are established to ensure the confidentiality and security of the source code while allowing for necessary review and use in the litigation.

6.5    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated Experts and Individuals.

6.5.1    Any Expert will be bound by the terms of this order.

6.5.2    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Designated In-house Counsel first must make a written request to the Designating Party on an item-by-item basis that (1) sets forth the full name of the Designated In-house Counsel and the city and state of his or her residence, and (2) describes the Designated In-house Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-house Counsel is involved, or may become involved, in any competitive decision-making.

6.5.3    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

"HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, and (4) identifies the Expert's current employer(s) and title.  In addition, to the extent not already disclosed in the provided copy of the Expert's current resume, the written request must (5) identify each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identify (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has testified, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  If the Expert is under a confidentiality obligation not to disclose any work or services performed in the past five years, the written disclosure under subsection (5) must include:   whether such services or funding were outside the field of the Designating Party's technology at issue in the case and whether such work or services concerned any Party to this case or its predecessors or successors (merged, acquired or otherwise), parents, divisions, subsidiaries, associated organizations, joint ventures, and affiliates thereof.

6.5.4    A Party that makes a request and provides the information specified in the preceding respective Paragraphs 6.5.2-6.5.3 may disclose the subject Protected Material to the identified Designated In-house Counsel or Expert unless, within five (5) business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

6.5.5    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within three (3) business days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated In-house Counsel or the

Expert may file a motion as provided in Local Civil Rule 37 seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated In-house Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions). In any such proceeding, the Party opposing disclosure to Designated In-house Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated In-house Counsel or Expert.

**7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

7.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "PROTECTED DATA" that Party must:

7.1.1     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

7.1.2     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

7.1.3     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

7.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "PROTECTED DATA" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

8.1    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "PROTECTED DATA." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

8.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's protected material, then the Party shall:

8.2.1    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

8.2.2    Promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

8.2.3    Make the information requested available for inspection by the Non-Party.

8.3    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the

Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed or made available Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    PRODUCTION OF PRIVILEGED DOCUMENTS - CLAWBACK**

10.1    Pursuant to Federal Rule of Evidence 502(d), the production of any attorney-client privileged or work product protected documents or data ("Produced Privileged Material") is not a waiver in the pending case or in any other federal or state proceeding.

10.2    A Party or person claiming privilege or other protections for a Produced Privileged Material shall promptly notify any and all Receiving Parties that received the documents and provide sufficient information to the Receiving Party regarding the asserted privilege(s), in the form of a privilege log pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure (a "Clawback Notice"). The Producing Party shall also promptly supply the Receiving Party with a new copy of the material (utilizing the same Bates number as the original material) with the privileged or protected material redacted (if the Producing Party claims that only a portion of the document contains privilege or other protected). If the Designating Party claims that the entire document is privileged or protected, then the Designating Party shall provide a slip sheet noting that the document has been withheld in its entirety. Alternatively, if a Receiving Party discovers a

document that it believes to be a Produced Privileged Material, the Receiving Party will promptly notify the Producing Party of what it believes to be the Produced Privileged Material (no Receiving Party will be found in violation of this Order for failing to identify a Produced Privileged Material).

10.3    After discovering or being notified of Produced Privileged Material , any Receiving Party must, within five (5) days of discovering or being notified of Produced Privileged Material, return or destroy the Produced Privileged Material and any copies and must not use or disclose the Produced Privileged Material in any way, except as provided in Sections 10.4-10.6, until further Order of the Court or the claim is otherwise resolved, and the Receiving Party must also take reasonable steps to retrieve the document if the Receiving Party disclosed it before being notified of or discovering the production. The Designating Party must retain a copy of the document until the resolution or termination of this Case.

10.4    The Receiving Party may contest the Designating Party's assertion of privilege or other protection.  In that instance, within seven (7) business days from receipt of the Clawback Notice and the materials identified in Section 10.2 above, the Receiving Party shall give the Producing Party a written "Notice of Clawback Challenge" providing the reason for said disagreement, but such Party may not assert as a reason for contesting the assertion of privilege or other protection the mere fact of production. The Designating Party will have seven (7) business days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the Designating Party's response to the Notice of Clawback Challenge does not resolve the issue, the Parties shall meet and confer within seven (7) business days of the response. If the conference does not resolve the dispute, within 11 business days of the conference, the Parties shall submit the dispute to the Court as provided by Local Civil Rule 37, but the Receiving Party may not assert as a ground for contesting the assertion of privilege or other protection the mere fact of production and the joint motion must be filed under seal.  The Designating Party retains the burden of establishing the applicability of the privilege or other protection as to any Produced Privileged Material.

10.5    Nothing in this Stipulation prevents a Receiving Party from, in connection with any challenge to such notice that is raised in accordance with Section 10.4, requesting that the item(s) listed in the Clawback Notice be provided to the Court by the Designating Party for *in camera* review or using the content of the item(s) in briefing to the Court submitted. The Receiving Party shall file such submissions under seal or request *in camera* review, absent agreement otherwise by the Producing Party.

10.6    Any analyses, memoranda, or notes or portions thereof which were internally generated by or for the Receiving Party and contain or were based upon the item(s) or Information listed in the Clawback Notice shall immediately be sequestered by the Receiving Party; the sequestered materials shall be destroyed in the event that (a) the Receiving Party does not contest that the information is privileged or subject to other protection pursuant to Section 10.4 above, or (b) the Court rules that the information is privileged or otherwise protected. Such analyses, memoranda or notes or portions thereof may only be removed from sequestration in the event that (a) the Producing Party agrees in writing that the information is not privileged or otherwise protected, or (b) the Court rules that the information is not privileged or otherwise protected.

10.7    If, during a deposition, a Designating Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is subject to the attorney-client privilege, the attorney work product doctrine, or other protection, the Designating Party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the or the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. If the Designating Party allows the examination concerning the document or thing to proceed consistent with this paragraph, all Parties shall sequester all copies of the document.

10.7.1 The Designating Party shall serve a Clawback Notice regarding the Produced Privileged Material pursuant to Section 10.2 on the Receiving Party withing seven (7) business days of the deposition, after which the Parties shall follow the procedures set forth in Sections 10.4-10.6.

10.7.2 As to any deposition testimony subject to a claim of privilege or other protection, the Designating Party shall serve a Clawback Notice pursuant to Section 10.2 within 30 days of receipt of the final deposition transcript, after which the parties shall follow the procedures set forth in Sections 10.4-10.6. Upon a showing of good cause for the delay, the Producing Party or Designating Party may serve a Clawback Notice pursuant to Section 10.2 more than 30 days after receipt of the final deposition transcript, after which the parties shall follow the procedures set forth in Sections 10.4-10.6. Pending determination of any clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 10.3.

10.1    This Stipulation does not preclude a Party from voluntarily waiving any claims of privilege or protection. The provisions of Fed. R. Evid. 502(a) apply when a Party uses privileged or other protected information to support a claim or defense.

10.2    Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

10.3    This Order is not intended to impose on a Party a waiver of its right to review its documents for responsiveness, privilege, or any other reason, and the existence of this Order cannot be used to compel a Party to produce documents without review. Moreover, this Order does not mean that the cost of review should not be considered in whether any particular discovery is disproportionate (*i.e.*, that the marginal benefit of the discovery is not as great as the cost of said discovery including review).

**11.    <u>FILING UNDER SEAL</u>**

11.1     All documents and materials containing Protected Material as defined by this Order that are filed with the Court shall be filed under seal pursuant to the following procedures:

11.1.1   Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 5(g). Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to Local Civil Rule 5 is denied by the Court, and the Producing Party has indicated that they do not intend to ask the Court to reconsider the denial, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

11.1.2   When a Party files a paper copy of a sealed document as a courtesy copy, the Party shall seal the document in an envelope marked with the case caption and the phrase "FILED UNDER SEAL."  Before filing Protected Material pursuant to 11.1.1, the submitting Party shall provide any Party whose Protected Material is involved with a proposed redacted version of the submission that the submitting Party intends to electronically file with the Court, for its public file.  Any Party objecting to the filing of the proposed redacted submission, must inform the submitting Party within one business day of receipt of the proposed submission and, in doing so, identify any modifications to the proposed redactions.  The submitting Party must accept, reject or negotiate the requested modifications within one business day of receiving the proposal.  If no agreement is reached, the Party seeking to redact and keep under seal the broader amount of information, must file a motion with the Court in accordance with Local Civil Rule 5(g).

**12.    <u>USE AND CONTROL OF PROTECTED MATERIAL</u>**

12.1     All information designated as Protected Material to this Order and disclosed in this litigation shall be used by a recipient thereof solely for the purposes of this litigation and not for any business or competitive purposes or used in any other legal proceeding, except as permitted

by a Court order, or as agreed by the Parties.  It shall be the duty of each Party and each individual having notice of this Order to comply with this Order from the time of such notice.  At any time, a Party may move the Court to modify this or any other provision of this Order upon a showing of good cause.

12.2    The restrictions and obligations set forth herein relating to information designated as Protected Material, shall not apply to any information which:

12.2.1 The Parties (and, if another person produced Protected Material, such person) agree or the Court rules is already public knowledge or was improperly designated by the Designating Party because it does not satisfy the definition of Protected Material set forth in this Order;

12.2.2  The Parties (and any respective Designating Party) agree or the Court rules has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents in violation of this Order;

12.2.3  Has come or shall come into a Receiving Party's legitimate possession independently of the Designating Party; or

12.2.4  Has been independently developed by or for the Party without use of, or reference to, the other Party's Protected Material, which shall remain Protected.

12.3    Nothing contained in this Order shall be construed to limit any Receiving Party's rights to use in briefs or at trial or in any proceeding in this litigation Protected Material of a Designating Party, subject to the provisions in Section 6 above.  Nor shall this Order prevent counsel from examining a witness to determine whether he or she has knowledge of the subject matter comprising Protected Material, so long as such examination shall be in a manner that does not disclose the details of the Protected Material.

**13.    SECURITY AND DATA BREACH**

13.1    Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would

apply to their own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Section 13.2 below.

13.2    Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction.  Such measures shall include:

13.2.1 Reasonably preventing unauthorized persons from gaining access to Protected Material.  In the case of Protected Material maintained in electronic format this includes storing the data in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those entitled to access Protected Material under this Order (physical access control);

13.2.2 Reasonably ensuring that any Protected Material downloaded from a litigation support site(s) in electronic format shall be stored only on device(s) (*e.g.*, laptop, tablet, smartphone, thumb drive, portable thumb drive) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order.  If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level.

13.2.3 Reasonably preventing Protected Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

13.2.4 Reasonably ensuring that persons entitled to use Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, modified or deleted without authorization (data access control);

13.2.5 Reasonably ensuring that the Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material

by means of data transmission facilities can be established and verified (data transfer control);

13.2.6 Reasonably ensuring that the establishment of an audit trail to document whether and by whom Protected Material have been entered into, modified in, or removed from Protected Material processing systems (entry control); and

13.2.7 Reasonably ensuring that the Protected Material is processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

13.3    If the Receiving Party discovers a breach of security relating to the Protected Material of another Party, the Receiving Party shall:

13.3.1 Provide written notice to the Designating Party of such breach no later than (24) hours after the Receiving Party's discovery of the breach;

13.3.2 Investigate and remediate the effects of the breach, and provide Designating Party with assurance reasonably satisfactory to the Designating Party that such breach shall not recur; and

13.3.3 Provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach.  If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice to contest such request, requirement or order through legal means. The Receiving Party agrees to provide reasonable cooperation to the Designating Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

13.4    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed the Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must as soon as is practicable:

13.4.1 Notify in writing the Designating Party of the unauthorized disclosure;

13.4.2  Use its best efforts to retrieve all copies of the Protected Materials; and

13.4.3  Inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order and have the person or persons execute the "Acknowledgment and Agreement to Be Bound" form annexed hereto as Exhibit A.

13.4.4  Nothing in this section shall limit or otherwise affect the additional protections for material designated "HIGHLY CONFIDENTIAL- SOURCE CODE" as set forth in Paragraphs 6.4.1-6.4.15 above. These extra protections shall remain in full force and effect notwithstanding any provisions contained in this Security and Data Breach section.

## 14.  DEPOSITIONS

14.1    All deposition testimony shall be treated as containing Protected Material designated as Highly Confidential Information and subject to this Order until a time (30) calendar days following receipt of the certified transcript by counsel for the Plaintiffs and Defendants and, in the event of a Non-Party witness, counsel for the Non-Party. In the event that any Party wishes testimony or information disclosed at a deposition to be treated as Protected Material thereafter, that Party shall designate such testimony or information as Protected Material by either notifying the other Party in writing, within thirty (30) calendar days following receipt of the certified transcript, or designating during the deposition the transcript or portions thereof as Protected Material, and specifying whether the information is to be treated as "Confidential," "Highly Confidential - Attorneys Eyes Only," "Highly Confidential - Source Code," "Protected Data," and/or "Summary Financial and Transaction Data" Documents and things already designated as Protected Material which are used as exhibits shall remain as such.  If during a Court proceeding Protected Material is likely to be revealed, any Party may request that the proceeding be held *in camera,* consistent with the Local Civil Rules. Any Party may designate the deposition testimony of any Non-Party as Protected Material and the provisions of this Section may be invoked.

STIPULATED PROTECTIVE ORDER - 33

14.2    In the event that a Party seeks to question a witness at a deposition about Protected

Material that the witness is not otherwise authorized to access under this Order, the Party who wishes to disclose the Protected Material must first seek permission to do so from the Designating Party. Such permission shall not be unreasonably denied.  However, if permission is denied, the Party seeking to disclose the Protected Material may present an application to the Court for leave to disclose such information to the witness at issue.  In making such an application, the burden shall be on the requesting Party to demonstrate good cause for making the disclosure.

14.3    If counsel believes that any question or questions that will be put to a witness at deposition in this Action will disclose Protected Material, or if Protected Material will be used as an exhibit at such a deposition, counsel shall advise opposing counsel of same in the course of the deposition, and the deposition (or protected portions thereof), shall be conducted in the presence of persons entitled under the terms of this Order to access the Protected Material at issue.

16.    **ARTIFICIAL INTELLIGENCE (GENERATIVE AI)**

16.1    A Receiving Party shall not submit a Producing Party's Protected Material into any open generative AI tool that is available to the public. A Receiving Party may not submit a Designating Party's Protected Material to a closed generative AI tool without written permission from the Designating Party identifying the approved closed generative AI tool. To the extent that any Protected Material is submitted to any generative AI tool, the Receiving Party will be responsible for destroying such produced information from such tools at the end of the Action.

17.    **NO WAIVER OF RIGHT TO APPROPRIATELY WITHHOLD OR REDACT**

17.1    Notwithstanding the provisions of this Order, Parties may redact from any document, whether designated Protected Material or not, any information containing privileged material, or any other data protected from disclosure by State, Federal or foreign regulation or law.

17.2    The parties agree that productions of Protected Data Information may require additional safeguards pursuant to Federal, State or foreign statutes, regulations or privacy obligations and will meet and confer to implement these safeguards if and when needed.

**18.    AMENDMENT**

18.1    Nothing in this Order abridges the right of any person to seek its modification in the future, by Court order. This Order shall remain in force and effect indefinitely until modified, superseded or terminated by order of this Court.

**19.    <u>MISCELLANEOUS</u>**

19.1    Nothing herein shall prevent any Party or Non-Party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Orders.

19.2    Nothing contained in this Order shall be construed to restrain a Party or Non-Party from using or disclosing its own Protected Material as it deems appropriate.  Nothing in this Order shall be construed to require production of any Protected Material deemed by counsel for the Party or Non-Party possessing such material to be privileged or otherwise immune from discovery.  This shall not preclude any Party from moving the Court for an order compelling production or disclosure of such material.

19.3    All notices required by any Sections of this Order are to be made by e-mail to counsel representing the noticed Party. The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  For any notice required under this Order, notice received after close of business shall be deemed received on the following business day.

19.4    Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to the Action and, in the course thereof, relying in a general way upon his or her examination of the Protected Material produced or exchanged in the Action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any Protected Material, the attorney shall not disclose the contents of Protected Material produced by any other Party or Non-Party.

19.5    The headings herein are provided only for the convenience of the Parties, and are not intended to define or limit the scope of the express terms of this Order.

STIPULATED PROTECTIVE ORDER - 35

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 27th day of January, 2026.

TOUSLEY BRAIN STEPHENS PLLC

By: _s/Cari Campen Laufenberg_
    Jason T. Dennett, WSBA #30686
    Joan M. Pradhan, WSBA #58134
    1200 Fifth Avenue, Suite 1700
    Seattle, Washington 98101
    Telephone: 206.682.5600/Fax: 206.682.2992
    jdennett@tousley.com
    jpradhan@tousley.com

    Gary M. Klinger (pro hac vice)
    MILBERG COLEMAN BRYSON
    PHILLIPS GROSSMAN, PLLC
    227 W. Monroe Street, Suite 2100
    Chicago, IL 60606
    Telephone: (866) 252-0878
    gklinger@milberg.com

    Alexandra M. Honeycutt (pro hac vice)
    MILBERG COLEMAN BRYSON
    PHILLIPS GROSSMAN, PLLC
    800 S. Gay St., STE 1100
    Knoxville, TN 37929
    Telephone: (866) 252-0878
    ahoneycutt@milberg.com

    Adam E. Polk (pro hac vice)
    Simon S. Grille (pro hac vice)
    GIRARD SHARP LLP
    601 California Street, Suite 1400
    San Francisco, CA 94108
    Telephone: (415) 981-4800
    apolk@girardsharp.com
    sgrille@girardsharp.com

    Derek W. Loeser, WSBA #24274
    Cari Campen Laufenberg, WSBA #34354
    KELLER ROHRBACK L.L.P.
    1201 Third Avenue, Suite 3400
    Seattle, WA 98101-3268
    Telephone: (206) 623-1900

Facsimile: (206) 623-3384
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com

***Interim Co-Lead Counsel for Plaintiffs***

By:  *s/ Fred B. Burnside*
    Fred B. Burnside, WSBA #32491
    DAVIS WRIGHT TREMAINE LLP
    E-mail: fredburnside@dwt.com

George Gordon (admitted pro hac vice)
Julia Chapman (admitted pro hac vice)
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
E-mail: george.gordon@dechert.com
E-mail: julia.chapman@dechert.com

Gregory Chuebon (admitted pro hac vice)
DECHERT LLP
1095 6th Ave
New York, NY 10036
Telephone: (212) 698-3500
E-mail: greg.chuebon@dechert.com

***Attorneys for Defendant Microsoft Corporation***

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED this 28th day of January, 2026.



RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE